**TONG SHUO LU, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

No. 05–1158–AG.

United States Court of Appeals,
Second Circuit.

April 27, 2006.

Lorance Hockert, New York, New York, for Petitioner.

Stephen P. Sinnott, United States Attorney for the Western District of Wisconsin, Daniel J. Graber, Assistant United States Attorney, Madison, Wisconsin, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Tong Shuo Lu, through counsel, petitions for review of the BIA decision denying his motion to remand and affirming the decision of Immigration Judge ("IJ") Bain denying his applications for asylum, withholding of removal, and suspension of deportation. We assume the parties' familiarity with the underlying facts and procedural history of the case.

"A motion to remand that does not simply articulate the remedy sought on appeal will be held to the substantive standards applicable either to a motion to reconsider or to reopen." *Li Yong Cao v. Dep't of Justice,* 421 F.3d 149, 156 (2d Cir.2005). This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *Kaur,* 413 F.3d at 234.

We are persuaded that the BIA erred in making a factual determination that Petitioner's new evidence lacked veracity. The BIA normally cannot engage in such fact-finding except for taking administrative notice of commonly known facts such as current events, or the contents of official documents. 8 C.F.R. § 1003.1(d)(3)(iv). The BIA's finding here is especially problematic in light of the nature of the evidence submitted, namely two New York certified birth certificates and an easily verified letter from a local hospital. Moreover, although we have stated that the agency may decline to afford an applicant an opportunity to explain overt inconsistencies in the record, *see Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005), we have recently clarified that it may not rest an adverse credibility finding on a non-dramatic inconsistency without first giving the applicant a chance to reconcile the testimony. *See Ming Shi Xue v.*

*BIA,* 439 F.3d 111, 125 (2d Cir.2006). Petitioner's submission of two birth certificates, both dated prior to 2000, and a letter confirming his wife's third pregnancy appears peculiar in light of his 2001 testimony that he had fathered only one child and was separated from his wife. Nevertheless, as two years had passed between the testimony and the IJ's decision, Petitioner's explanation, on appeal, that he had reunited with his wife, is plausible. Notably, Petitioner's explanation does not fully square with his previous testimony. Nevertheless, Petitioner will have an opportunity to explain on remand why he had previously stated that he only had one child.

Having determined that the petition for review must be remanded, we decline to opine as to Petitioner's other claims of agency error. On remand, Petitioner should present these claims to the BIA.

For the foregoing reasons, the petition for review is GRANTED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).